UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| KURTIS SELF, | Case No. 2:22-cv-01016-AR |
| Plaintiff, | |
| v. | **ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| STATE OF OREGON, *by and through the Oregon Department of Corrections*, MELISSA HUGHS, and PATRICK MANEY, NP, | |
| Defendants. | |

**ARMISTEAD, Magistrate Judge**

Plaintiff Kurtis Self, an adult in the custody of the Oregon Department of Corrections (ODOC), brings this action under 42 U.S.C. § 1983 against defendants ODOC, Melissa Hughs, and Patrick Maney, NP, alleging negligence and violations of the Eighth Amendment. Self's allegations concern what he views as inadequate medical treatment he received when he was at Two Rivers Correctional Institution (TRCI). Pending before the court is defendants' partial

Page 1 – ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

motion for summary judgment. For the reasons explained below, defendants' motion is GRANTED.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

The relevant events occurred in July 2020. On July 13, while waiting in line to obtain medical care at TRCI, Self informed Correctional Officer Hughs that he was having chest pain and needed attention. Hughs informed Self to remain in line. After a TRCI nurse evaluated Self, he was transported to an emergency room, and later to TRIOS hospital. There he was diagnosed with a non-ST-elevated myocardial infarction (NSTEMI). Three days later, TRIOS discharged Self and recommended a follow-up with his physician in two weeks. TRCI staff scheduled him that day for an appointment on July 29 with Maney, Self's primary care provider at TRCI. Before that appointment, on July 17, Self had another heart attack, was evaluated by medical staff, and again transported to an emergency room and subsequently admitted to TRIOS hospital. When Self was discharged to TRCI on July 20, his treatment recommendations included medication changes, new medication, additional cardiac testing, and follow-up care. Maney reviewed those discharge recommendations, ordered dosage changes for two existing medications, and ordered a new medication, Cholchicine. The Cholchicine prescription needed approval from the Therapeutic Level of Care (TLC) Committee; the TCL approved that prescription the following day, July 21. On July 28, Maney ordered a cardio consultation, echocardiogram, and a stress test, which the TLC committee approved that day. Maney did not personally treat Self on July 13 or 17. (Maney Decl. ¶¶ 3-8, 11-13, 16-20, & Ex. 1.)

---

[1]    All parties have consented to the jurisdiction of a magistrate judge as permitted by 28 U.S.C. § 636.

Page  2  – ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

In this civil rights and negligence action, Self asserts that Hughs and Maney were deliberately indifferent to his serious medical needs by failing to provide medically and constitutionally adequate treatment for his heart condition, violating the Eighth Amendment. ODOC was negligent, in Self's view, and the medical care he received fell below the relevant standard for treating his heart condition. Defendants argue that Maney is entitled to summary judgment on the Eighth Amendment claim because he did not treat Self on July 13 or 17, and therefore, Self cannot establish that he personally participated in the alleged constitutional violation. Defendants also contend that Self did not timely or sufficiently provide notice of his claim under the OTCA, and that the Eleventh Amendment bars claims against ODOC and Hughs and Maney in their official capacities. In his response, Self concedes that he cannot show Maney's personal participation and that the Eleventh Amendment bars recovery, but that he cannot agree to dismissal on OTCA notice grounds.

## LEGAL STANDARDS

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). At the summary judgment stage, the court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in favor of that party. *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005). The court does not assess the credibility of witnesses, weigh evidence, or determine the truth of matters in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation marks and citation omitted).

Page 3 – ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

# DISCUSSION

**A.**     ***Eighth Amendment Claim***

To establish an Eighth Amendment violation under § 1983, Self must satisfy "both the objective and subjective components of a two-part test." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). First, Self must show "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Second, he must demonstrate that the prison official "acted with deliberate indifference in doing so." *Toguchi*, 391 F.3d at 1057 (citation and quotation marks omitted). To establish that a prison official acted with deliberate indifference, Self must show that the official was aware that Self faced "a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.").

Defendants move for partial summary judgment on the Eight Amendment claim asserted against Maney,[2] contending that Self cannot establish deliberate indifference. In his response, Self "does not oppose" summary judgment based on Maney's lack of personal involvement. (Pl.'s Resp. Mot. Summ. J. at 1-2, ECF No. 45.) Consequently, because it is undisputed that Maney did not personally participate in the alleged constitutional deprivation, Maney is entitled to summary judgment as a matter of law on Self's Eighth Amendment claim.

---

[2]     Defendants do not move for summary judgment on the claims asserted against Hughs; they dispute the factual allegations and that Hughs was deliberately indifferent to Self's medical needs underpinning his Eighth Amendment claim.

**B.**     *Negligence Claim*

Defendants move for summary judgment on Self's negligence claim against ODOC on two grounds: (1) Self failed to provide timely or sufficient notice of his claim as required by the OTCA, and (2) ODOC is entitled to immunity under the Eleventh Amendment, and Hughs and Maney share that immunity for actions taken in their official capacities. In his response, Self "agrees that dismissal is appropriate" under the Eleventh Amendment and "offers no argument in opposition." (Pl.'s Resp. at 2, ECF No. 45.) Nevertheless, Self does not agree to dismiss the negligence claim on OTCA notice grounds and urges the court to dismiss solely on the Eleventh Amendment basis. The court agrees with defendants that summary judgment is appropriate.

Self's negligence claim against ODOC and his damages claims against Hughs and Maney in their official capacities are barred by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Brown v. Or. Dep't of Corr.*, 751 F.3d 983, 989 (9th Cir. 2014) (dismissing claims against ODOC and damages claims against individual defendants under the Eleventh Amendment).

As argued by defendants, Self's negligence claim against ODOC is subject to the notice provisions of the OTCA. *Edwards v. State ex rel. DHS*, 217 Or. App. 188, 192, 198 (2007) (holding negligence claim against DHS barred by failure to provide timely OTCA notice); ORS § 30.275. The OTCA mandates that plaintiffs seeking to file claims against an Oregon public body or its employees to provide notice of that claim "within 180 days after the alleged loss or injury." ORS § 30.275(2)(b). "No action arising from any act or omission" of a public body or its

Page  5  – ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

employees may be maintained unless the required notice is provided. *Id.* § 30.275(1). "Failure to give timely notice . . . is fatal to a plaintiff's tort claim against a public body." *Denucci v. Henningsen*, 248 Or. App. 59, 66 (2012).

Defendants have shown that there is no genuine issue of material fact that Self's tort claim notice was received after expiration of the 180-day period. Self's negligence claim is premised on ODOC's failure to provide constitutionally adequate medical care on July 13 and 17, 2020. (Compl. ¶¶ 8-9, ECF No. 1.) Months later – on November 4, 2020 – after reviewing his medical records, Self filed grievance TRCI-2020-11-007 relating to his medical care for his heart attacks in July 2020. (Enyon Decl. ¶¶ 26-27, ECF No. 40.) Self's tort claim notice was received by the Oregon Department of Administrative Services on June 3, 2021, and identifies "grievance TRCI-2020-11-007." (Lee Decl. ¶¶ 4-5, ECF No. 42.) Viewing this evidence in the light most favorable to Self, using the latest possible potential date – the November 4, 2020 grievance date – his tort claim notice was due 180 days later, or May 3, 2021. Because his notice was not received until June 3, 2021, it is untimely. Self offers no facts refuting defendants factual account. Accordingly, defendants are entitled to summary judgment on his negligence claim.[3] *Tyree v. Tyree*, 116 Or. App. 317, 319 (1992) ("[N]otice must actually be received within the period in order to be timely.").

/ / / / /

/ / / / /

---

[3] Because the court concludes that Self's negligence claim is untimely under the OTCA, the court declines to address whether the contents of his notice were adequate under ORS § 30.275(4).

Page  6  – ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

## CONCLUSION

For the above reasons, defendants' motion for partial summary judgment (ECF No. 39.) is GRANTED.

DATED: June 27, 2024.

_____<br>
JEFF ARMISTEAD<br>
United States Magistrate Judge